1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID WOOD,                          No. 2:16-CV-2717-JAM-CMK-P

12              Plaintiff,

13        vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14   WALL, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.

19              On August 23, 2017, the court determined that plaintiff's complaint was

20   appropriate for service and directed plaintiff to submit documents for service by the United

21   States Marshal within 30 days.  Plaintiff was warned that failure to submit the required

22   documents may result in dismissal of this action for lack of prosecution and failure to comply

23   with court rules and orders.  <u>See</u> Local Rule 110.  To date, plaintiff has not complied.

24   / / /

25   / / /

26   / / /

1

1    The court must weigh five factors before imposing the harsh sanction of

2 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13 1260-61 (9th Cir. 1992).

14    Having considered these factors, and in light of plaintiff's failure to submit

15 service documents as directed, the court finds that dismissal of this action is appropriate.

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders and that plaintiff's motion for injunctive relief (Doc. 6) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED: March 22, 2018

                                          _____
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE